2011 OK 64

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**William Reeves CATHEY, Respondent.**

**No. SCBD–5764.**

Supreme Court of Oklahoma.

June 27, 2011.

### ORDER

Upon consideration of the complainant Oklahoma Bar Association's application for an order approving the resignation pending disciplinary proceedings of the respondent, William Reeves Cathey, THE COURT FINDS:

1. William Reeves Cathey, OBA # 10238, was admitted to membership in the Oklahoma Bar Association on October 6, 1983. His official roster address is P.O. Box 18704, Oklahoma City, OK 73154

2. On June 17, 2011, the respondent submitted his written affidavit of resignation from membership in the Oklahoma Bar Association pending disciplinary proceedings, pursuant to Rule 8.1, Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, Ch. 1, App. 1–A. Respondent requests that he be allowed to resign his membership in the Oklahoma Bar Association and relinquish his right to practice law.

3. The respondent's affidavit states that he is freely and voluntarily tendering his resignation, that he is not being subjected to coercion or duress and that he is fully aware of the consequences of submitting his resignation pending disciplinary proceedings.

4. The respondent states in the affidavit that he is aware of a formal complaint to be filed with this Court based on a grievance filed by Stephan McGuigan alleging that the respondent misappropriated funds in the amount of $100,000.00 that he received on behalf of his client and converted to his personal use and benefit. The grievance further alleges that the respondent misrepresented facts to the client in an effort to conceal his misconduct. Respondent states that on August 3, 2010, a criminal information was filed against him and remains pending in Oklahoma County District Court, Case No. CF–2010–5146, charging him with one count of felony Embezzlement pursuant to 21 O.S. §§ 1451–1463.

5. Respondent acknowledges that the allegations of the complaint, if proven, would constitute violations of Rules 1.3 and 1.4, RGDP and Rules 1.15, and 8.4(a)(b) and (c) of the Oklahoma Rules of Professional Conduct, 5 O.S.2001, Ch. 1, App. 3–A, as well as his oath as an attorney.

6. Respondent is aware that the burden of proof rests upon the Oklahoma Bar Association by clear and convincing evidence, but he has voluntarily waived any and all right to contest the allegations.

7. Respondent states that he has familiarized himself with and has agreed to comply with all provisions of Rule 9.1, RGDP, within twenty (20) days following the date of his resignation.

8. Respondent recognizes and agrees that he may not make application for reinstatement to membership in the Oklahoma Bar Association prior to expiration of five (5) years from the effective date of this Order and that he may be reinstated to the practice of law only upon full compliance with Rule 11, RGDP, and any other rules that may apply to such reinstatement.

9. Respondent acknowledges that the Client Security Fund may receive claims from his former clients and he agrees to reimburse the fund the principal amounts, and the applicable statutory interest paid, prior to the filing of any application for reinstatement.

10. The complainant advises that its costs in the investigation of this matter were minimal and are waived.

11. The resignation pending disciplinary proceedings executed by the respondent is in compliance with Rule 8.1, Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A and should be approved.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT complainant's application and respondent's resignation pending disciplinary proceedings are approved.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED THAT William Reeves Cathey's name be stricken from the roll of attorneys, and, because resignation pending disciplinary proceedings is tantamount to disbarment, he may make no application for reinstatement to membership in the Oklahoma Bar Association prior to the lapse of five (5) years from the date of this Order. Repayment to the client Security Fund for any monies expended because of the malfeasance or nonfeasance of the re-spondent shall be a condition of reinstatement. The respondent shall comply with Rule 9.1, RGDP, within twenty (20) days of the date of his resignation.

**DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 27th DAY OF JUNE, 2011.**

TAYLOR, C.J., COLBERT, V.C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ., Concur.

GURICH, J., Not Participating.